# UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEBRASKA

In re:  KEVIN ALLEN BROWN  
       KIMBERLY ANNE DEMEGLIO-BROWN  
       Debtor(s)

Case No.:  08-81577-TJM

## CHAPTER 13 STANDING TRUSTEE'S FINAL REPORT AND ACCOUNT

Kathleen A. Laughlin, chapter 13 trustee, submits the following Final Report and Account of the administration of the estate pursuant to 11 U.S.C. Section 1302(b)(1).  The trustee declares as follows:

1) The case was filed on  06/24/2008.
2) The plan was confirmed on  09/16/2008.
3) The plan was modified by order after confirmation pursuant to 11 U.S.C Section 1329 on  NA.
4) The trustee filed action to remedy default by the debtor in performance under the plan on  NA.
5) The case was completed on  10/21/2013.
6) Number of months from filing or conversion to last payment:  64.
7) Number of months case was pending:  67.
8) Total value of assets abandoned by court order:  NA.
9) Total value of assets exempted:  10,765.00.
10) Amount of unsecured claims discharged without full payment:  49,058.48.
11) All checks distributed by the trustee relating to this case have cleared the bank.

**Receipts:**

| | |
|---|---:|
| Total paid by or on behalf of the debtor: | $72,588.00 |
| Less amount refunded to debtor: | $3,828.00 |
| **NET RECEIPTS:** | **$68,760.00** |

**Expenses of Administration:**

| | | |
|---|---:|---:|
| Attorney's Fees Paid Through The Plan: | $1,525.00 | |
| Court Costs: | $.00 | |
| Trustee Expenses and Compensation: | $3,785.78 | |
| Other: | $.00 | |
| **TOTAL EXPENSES OF ADMINISTRATION:** | | **$5,310.78** |
| Attorney fees paid and disclosed by debtor: | $1,775.00 | |

**Scheduled Creditors:**

| Creditor Name | Class | Claim Scheduled | Claim Asserted | Claim Allowed | Principal Paid | Interest Paid |
|---|---|---:|---:|---:|---:|---:|
| CENTRIS FEDERAL CREDIT UNION | Unsecured | 6,000.00 | 6,001.52 | 6,001.52 | 3,065.17 | .00 |
| CHASE BANK USA | Unsecured | 573.00 | 608.81 | 608.81 | 311.21 | .00 |
| CITIBANK USA/SEARS | Unsecured | 344.00 | NA | NA | .00 | .00 |
| DISCOVER FINANCIAL SVCS | Unsecured | 7,058.00 | 7,058.64 | 7,058.64 | 3,605.09 | .00 |
| EAST BAY FUNDING | Unsecured | 5,110.00 | 6,764.66 | 6,764.66 | 3,454.92 | .00 |
| ECAST SETTLEMENT CORP | Unsecured | 10,567.00 | 4,710.50 | 4,710.50 | 2,405.80 | .00 |
| ECAST SETTLEMENT CORP | Unsecured | 221.00 | 250.62 | 250.62 | 128.12 | .00 |
| ECAST SETTLEMENT CORP | Unsecured | 4,168.00 | 2,381.33 | 2,381.33 | 1,216.25 | .00 |
| ECAST SETTLEMENT CORP | Unsecured | 1,323.00 | 1,234.18 | 1,234.18 | 630.31 | .00 |
| ECAST SETTLEMENT CORP | Unsecured | 602.00 | 2,360.00 | 2,360.00 | 1,206.37 | .00 |
| ECAST SETTLEMENT CORP | Unsecured | NA | 12,264.76 | 12,264.76 | 6,264.01 | .00 |
| ECMC | Unsecured | 91,740.00 | 94,846.50 | 94,846.50 | .00 | .00 |

# UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEBRASKA

In re: KEVIN ALLEN BROWN  
      KIMBERLY ANNE DEMEGLIO-BROWN  
      Debtor(s)

Case No.: 08-81577-TJM

## CHAPTER 13 STANDING TRUSTEE'S FINAL REPORT AND ACCOUNT

**Scheduled Creditors:**

| Creditor Name | Class | Claim Scheduled | Claim Asserted | Claim Allowed | Principal Paid | Interest Paid |
|---|---|---|---|---|---|---|
| ECMC | Unsecured | 48,987.00 | 49,322.25 | 49,322.25 | .00 | .00 |
| ENTERPRISE BANK NA | Secured | 28,885.00 | 28,125.60 | 28,125.60 | .00 | .00 |
| ENTERPRISE BANK NA | Secured | NA | 66.45 | 66.45 | 66.45 | .00 |
| ENTERPRISE BANK NA | Unsecured | 11,116.00 | 11,872.24 | 11,872.24 | 6,063.53 | .00 |
| EVERBANK USA | Unsecured | 2,186.00 | 2,315.75 | 2,315.75 | 1,182.70 | .00 |
| JPMORGAN CHASE BANK NA | Secured | 130,720.00 | 131,679.70 | 131,679.70 | .00 | .00 |
| JPMORGAN CHASE BANK NA | Secured | NA | 1,378.69 | 1,378.69 | 1,378.69 | .00 |
| MONOGRAM BANK N AMERICA | Unsecured | 11,937.00 | NA | NA | .00 | .00 |
| NEBRASKA FURNITURE MART | Secured | 1,650.00 | 1,417.82 | 1,417.82 | 1,417.82 | 105.45 |
| PORTFOLIO RECOVERY ASSOCIATES | Unsecured | NA | 5,289.79 | 5,289.79 | 2,701.65 | .00 |
| RESURGENT CAPITAL SVCS | Unsecured | 11,751.00 | 1,123.26 | 1,123.26 | 573.71 | .00 |
| RESURGENT CAPITAL SVCS | Unsecured | NA | 8,781.72 | 8,781.72 | 4,485.09 | .00 |
| RESURGENT CAPITAL SVCS | Unsecured | NA | 2,153.62 | 2,153.62 | 1,099.99 | .00 |

# UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEBRASKA

In re: KEVIN ALLEN BROWN  
KIMBERLY ANNE DEMEGLIO-BROWN  
Debtor(s)

Case No.: 08-81577-TJM

## CHAPTER 13 STANDING TRUSTEE'S FINAL REPORT AND ACCOUNT

**Scheduled Creditors:**

| Creditor Name | Class | Claim Scheduled | Claim Asserted | Claim Allowed | Principal Paid | Interest Paid |
|---|---|---|---|---|---|---|
| WACHOVIA DEALER SERVICES | Secured | 20,377.00 | 19,500.62 | 19,500.62 | 19,500.62 | 2,586.27 |

| Summary of Disbursements to Creditors: | Claim Allowed | Principal Paid | Interest Paid |
|---|---|---|---|
| **Secured Payments:** | | | |
| Mortgage Ongoing: | 159,805.30 | .00 | .00 |
| Mortgage Arrearage: | .00 | .00 | .00 |
| Debt Secured by Vehicle: | 19,500.62 | 19,500.62 | 2,586.27 |
| All Other Secured: | 2,862.96 | 2,862.96 | 105.45 |
| **TOTAL SECURED:** | 182,168.88 | 22,363.58 | 2,691.72 |
| **Priority Unsecured Payments:** | | | |
| Domestic Support Arrearage: | .00 | .00 | .00 |
| Domestic Support Ongoing: | .00 | .00 | .00 |
| All Other Priority: | .00 | .00 | .00 |
| **TOTAL PRIORITY:** | .00 | .00 | .00 |
| **GENERAL UNSECURED PAYMENTS:** | 219,340.15 | 38,393.92 | .00 |

| Disbursements: | |
|---|---|
| Expenses of Administration: | $5,310.78 |
| Disbursements to Creditors: | $63,449.22 |
| **TOTAL DISBURSEMENTS:** | $68,760.00 |

12) The trustee certifies that, pursuant to Federal Rule of Bankruptcy Procedure 5009, the estate has been fully administered, the foregoing summary is true and complete, and all administrative matters for which the trustee is responsible have been completed. The trustee requests a final decree be entered that discharges the trustee and grants such other relief as may be just and proper.

Date: 01/08/2014    By: /s/Kathleen A. Laughlin  
Trustee

STATEMENT: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. Section 1320.4(a)(2) applies.